UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KNIGHT CAPITAL PARTNERS
CORPORATION,

        Plaintiff,

v.

Case No. 2:16-cv-12022
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

HENKEL AG & COMPANY, KGaA,

        Defendant.

_____/

## ORDER DENYING MOTION TO QUASH THIRD PARTY SUBPOENAS (DE 71) BUT GRANTING ALTERNATIVE RELIEF

On or about September 11, 2017, Defendant served several subpoenas upon non-parties. (DE 71-2.) Currently before the Court is Plaintiff's September 26, 2017 motion to quash Defendant's third party subpoenas, regarding which Defendant filed a response and Plaintiff filed a reply. (DEs 71, 74, 75.)

Judge Lawson referred this motion to me for hearing and determination, and a hearing was noticed for November 14, 2017. On the date set for hearing, attorneys Jamie K. Warrow and Mark Kelley Schwartz appeared in my courtroom, and the Court conducted a hearing.

1

Upon consideration of the motion papers and oral argument of counsel for the parties, and for all of the reasons stated on the record, which are herein incorporated by reference, Plaintiff's motion to quash (DE 71) is **DENIED**. In sum, while Plaintiff has standing to bring this motion under Fed. R. Civ. P. 26(c), the information Defendant seeks through the subject subpoenas is discoverable under Fed. R. Civ. P. 26(b).

Nonetheless, the Court will **GRANT** Plaintiff's alternative request for relief to the extent it asks that the resulting production of documents be subject to a protective order. (*See* DE 71 at 2, 16.) *Slightly modifying the directive given from the bench*, Defendant **SHALL** produce to Plaintiff copies of all documents and information received in response to the subpoenas **within five days of their receipt**. All such documents and information **SHALL** initially be designated and treated as "CONFIDENTIAL" and shall only be used for purposes of this litigation, until such time as the parties are able to mutually agree upon the need for each document or piece of information to be protected or redacted and the level of protection to be afforded, if any, or until the Court can resolve any disputes in this regard. Moreover, **within two weeks of the production of <u>all</u> material** that has been cumulatively subpoenaed (i.e., within two weeks of the last subpoena response/production), counsel shall meet and confer in person to review the items or documents that have been produced in response to the subpoenas and attempt, *in*

*good faith*, to stipulate to the need for and, if applicable, the level of protection to be given to the material in question, either under a then existing protective order or pursuant to a subsequent stipulation or protective order. The parties are prohibited from seeking any Court intervention in this regard until this meeting has occurred and good faith efforts at resolution have been fully exhausted.

Finally, this ruling is without prejudice to Plaintiff's ability to bring future motions *in limine* or assert objections at trial regarding the admissibility of any information received by way of the subpoenas at issue.

**IT IS SO ORDERED.**


Dated: November 15, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 15, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti