UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KNIGHT CAPITAL PARTNERS
CORPORATION,

        Plaintiff,

v.

Case No. 2:16-cv-12022
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

HENKEL AG & COMPANY, KGaA,

        Defendant.

_____/

## NUNC PRO TUNC ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO LIMIT FURTHER DEPOSITION DISCOVERY OF KCP PRINCIPAL FADI NONA (DE 108)

Currently before the Court is Plaintiff Knight Capital Partners Corporation's May 17, 2018 motion for a protective order and to limit further deposition discovery of KCP Principal Fadi Nona, Defendant's response, and the parties' joint statement of resolved and unresolved issues. (DEs 108, 115, 119.)

Judge Lawson referred this motion to me for hearing and determination, and a hearing was noticed for June 13, 2018. On the date set for hearing, attorneys Jamie K. Warrow, Shireen A. Barday and William C. Shaefer appeared in my courtroom, and the Court conducted a hearing.

1

Upon consideration of the motion papers and oral argument of counsel for the parties, and for all of the reasons stated on the record, which are incorporated by reference as though fully restated herein, Plaintiff's motion for a protective order and to limit further deposition discovery of KCP Principal Fadi Nona (DE 108) is **GRANTED IN PART AND DENIED IN PART**.

Specifically, Defendant will be permitted to depose Mr. Nona on June 14, 2018 for an additional **30 minutes** regarding disciplinary sanctions imposed on him by the Financial Industry Regulatory Authority (FINRA). The Court has previously found that this information is relevant and discoverable (*See* DE 77, 82), and the Court adopts those findings here. In addition, the Court finds that the discovery sought is proportional to the needs in this case.

Defendant may also inquire about Mr. Nona's contacts with energy clients through Sweet Futures. Defendant has established that this information is relevant and discoverable, and Plaintiff has failed to meet its burden to establish that this information is subject to a nondisclosure agreement.

However, to avoid undue harassment or embarrassment to Mr. Nona and because the Court finds these lines of inquiry irrelevant, Defendant will not be permitted to inquire in the continued deposition, as it did at Mr. Nona's prior deposition:

(1) *why* Mr. Nona did the things stated or acknowledged in the 2012 Letter of Acceptance, Waiver and Consent (AWC); and

(2) whether he has engaged in any conduct to ensure that he is not violating the indefinite FINRA bar.

No costs are awarded, for the reasons stated on the record.

**IT IS SO ORDERED, nunc pro tunc to June 13, 2018.**

Dated: June 15, 2018
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 15, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti