**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KNIGHT CAPITAL PARTNERS
CORPORATION, a Michigan corporation,

Plaintiff,

v.

HENKEL AG & CO., KGaA,
a German partnership limited by shares,

Defendant.

Case No. 2:16-cv-12022
Hon. David M. Lawson

**DEFENDANT HENKEL AG & CO., KGAA'S OMNIBUS**
**MOTION *IN LIMINE***

Defendant Henkel AG & Co., KGaA ("Henkel KGaA") hereby submits the following motions *in limine* to exclude certain evidence and argument from the upcoming jury trial scheduled to begin on October 16, 2018:

1. Motion To Exclude Any Argument Or Evidence About The Parties' Legal Teams Or Legal Fees.

2. Motion To Preclude Plaintiff From Making Negative Comments About Defendant's German Residence Or Improperly Focusing On The Fact That Defendant Is A Foreign Or German Company.

3. Motion To Exclude All Testimony Or Argument Relating To Irrelevant Facts Or Allegations About Defendant.

4. Motion To Limit Expert Testimony To The Subject Matter Of The Respective Expert's Report And Preclude Plaintiff's Expert Mr. Solomon From Testifying As Both A Fact Witness And An Expert Witness.

5. Motion To Require That The Parties Use Clean Copies Of All Documents At Trial.

This motion is supported by the attached Brief in Support and its accompanying exhibits. Pursuant to Local Rule 7.1(a), Defendant has conferred with Plaintiff and explained the nature and legal basis of this motion, but Plaintiff did not agree to the relief sought.

Dated: August 28, 2018

Respectfully submitted,

*/s/ Atif Khawaja*

Atif Khawaja, P.C.
akhawaja@kirkland.com
Shireen A. Barday
shireen.barday@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Thomas W. Cranmer
840 West Long Lake Road, Suite 150
Troy, MI  48098
Telephone: (248) 267-3381
cranmer@millercanfield.com

*Attorneys for Defendant Henkel AG &*
*Co., KGaA*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KNIGHT CAPITAL PARTNERS
CORPORATION, a Michigan corporation,

Plaintiff,

v.

HENKEL AG & CO., KGaA,
a German partnership limited by shares,

Defendant.

Case No. 2:16-cv-12022
Hon. David M. Lawson

**DEFENDANT HENKEL AG & CO., KGAA'S BRIEF**
**IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE***

# TABLE OF CONTENTS

<u>**Page**</u>

STATEMENT OF ISSUES PRESENTED................................................................. iii

LEGAL STANDARD................................................................................................1

MOTIONS *IN LIMINE* ...........................................................................................2

    I.    The Court Should Exclude Any Argument Or Evidence About
          The Parties' Legal Teams Or Legal Fees. ............................................2

    II.    The Court Should Preclude Plaintiff From Making Negative
          Comments About Defendant's German Residence Or
          Improperly Focusing On The Fact That Defendant Is A Foreign
          Or German Company. ...........................................................................5

    III.    The Court Should Exclude All Testimony Or Argument
          Relating To Irrelevant Facts Or Allegations About Defendant. ...........7

    IV.    The Court Should Limit Expert Testimony To The Subject
          Matter Of The Respective Expert's Report And Should
          Specifically Preclude Plaintiff's Expert Mr. Solomon From
          Testifying As Both A Fact Witness And An Expert Witness. ............11

    V.    The Court Should Require That The Parties Use Clean Copies
          Of All Documents At Trial................................................................14

CONCLUSION .....................................................................................................17

## STATEMENT OF ISSUES PRESENTED

1.   Should this Court exclude any argument or evidence about the parties' legal teams or legal fees?

    Defendant states: Yes.

    Plaintiff states: No.

    The Court should state: Yes.

2.   Should this Court preclude Plaintiff from making negative comments about Defendant's German residence or improperly focusing on the fact that Defendant is a foreign or German company?

    Defendant states: Yes.

    Plaintiff states: No.

    The Court should state: Yes.

3.   Should this Court exclude all testimony or argument relating to irrelevant facts or allegations about Henkel?

    Defendant states: Yes.

    Plaintiff states: No.

    The Court should state: Yes.

4.      Should this Court limit expert testimony to the subject matter of the respective expert's report and specifically preclude Plaintiff's expert Mr. Solomon from testifying as both a fact witness and an expert witness?

    Defendant states: Yes.

    Plaintiff states: No.

    The Court should state: Yes.

5.      Should this Court require that the parties use clean copies of all documents at trial?

    Defendant states: Yes.

    Plaintiff states: No.

    The Court should state: Yes.

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aetna, Inc. v. Blue Cross Blue Shield of Michigan*,
  2015 WL 1646464 (E.D. Mich. Apr. 14, 2015) ................................................10

*Asetek Danmark A/S v. CMI USA, Inc.*,
  209 F.3d 886 (6th Cir. 2000) ...........................................................................12

*Bell v. Sam's E., Inc.*,
  2018 WL 719042 (E.D. Tenn. Feb. 5, 2018)......................................................8

*City of Cleveland v. Peter Kiewit Sons' Co.*,
  624 F.2d 749 (6th Cir. 1980) ..........................................................................4,8

*Cunningham Charter Corp. v. Learjet, Inc.*,
  2012 WL 1565532 (S.D. Ill. May 2, 2012) ........................................................6

*DataTreasury Corp. v. Wells Fargo & Co.*,
  2010 WL 11538713 (E.D. Tex. Feb. 26, 2010)...................................................4

*Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*,
  2016 WL 1179228 (W.D. Wis. Mar. 23, 2016)...................................................6

*Hadix v. Caruso*,
  2006 WL 2830062 (W.D. Mich. Oct. 2, 2006) ............................................12,13

*King v. Ford Motor Co.*,
  209 F.3d 886 (6th Cir. 2000) ...........................................................................12

*Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*,
  2010 WL 11032786 (E.D. Mich. Oct. 18, 2010)................................................10

*Long v. Phillips & Brooks/Gladwin, Inc.*,
  2006 WL 8431254 (N.D. Ga. Aug. 29, 2006) ..................................................5,6

*McLeod v. Parsons Corp.*,
  73 F. App'x 846 (6th Cir. 2003) .........................................................................9

*Multivac, Inc. v. Rotella's Italian Bakery, Inc.*,
  2016 WL 7535360 (W.D. Mo. May 3, 2016).......................................................6

*Reese v. Mercury Marine Div. of Brunswick Corp.*,
   793 F.2d 1416 (5th Cir. 1986) ...............................................................3

*Ross v. Am. Red Cross*,
   567 F. App'x 296 (6th Cir. 2014) .........................................................9

*Sadler v. Advanced Bionics, LLC*,
   2013 WL 1340350 (W.D. Ky. Apr. 1, 2013).........................................3

*Sanford v. Ektelon/Prince Sports Grp., Inc.*,
   1999 WL 33544436 (D. Neb. Nov. 5, 1999) (Ex. 9)............................6

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
   637 F.3d 1269 (Fed. Cir. 2011) ..........................................................12

*United States v. Bilderbeck*,
   163 F.3d 971 (6th Cir. 1999) ...............................................................1

*VSI Holdings, Inc. v. SPX Corp.*,
   2005 WL 5980804 (E.D. Mich. Apr. 12, 2005) ...................................8

*Westbrook v. General Tire and Rubber Co.*,
   754 F.2d 1233 (5th Cir. 1985) .............................................................4

**Rules**

Fed. R. Civ. P. 26 ................................................................11,12,13,14

Fed. R. Evid. 401 ..............................................................................1

Fed. R. Evid. 402 ........................................................................1,2,8,9

Fed. R. Evid. 403 ......................................................................2,8,9,14

Fed. R. Evid. 404 ..........................................................................8,9

Fed. R. Evid. 1002 ............................................................................16

Defendant Henkel AG & Co., KGaA ("Defendant" or "Henkel KGaA") submits this brief in support of its motion to exclude certain irrelevant and unfairly prejudicial evidence and arguments that Henkel KGaA believes are likely to arise at trial based on statements made and positions taken by Plaintiff Knight Capital Partners Corp. ("Plaintiff" or "KCP").   Defendant reserves the right to assert additional objections as they arise at trial and in response to the Court's forthcoming *Daubert* and summary judgment rulings.

## LEGAL STANDARD

"It is well settled that a trial judge's discretion in balancing the probative value of evidence against its potential for unfair prejudice is very broad."   *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).   As this Court is well aware, the Federal Rules of Evidence state that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Fed. R. Evid. 401. Subject, of course, to specific exceptions, relevant evidence is generally admissible in trials, but "[i]rrelevant evidence is not admissible."   Fed. R. Evid. 402.   Equally important, the Court has the authority to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403. These general standards apply to each of Defendant's motions below.

## MOTIONS *IN LIMINE*

### I.   The Court Should Exclude Any Argument Or Evidence About The Parties' Legal Teams Or Legal Fees.

Any evidence about the parties' legal teams or fees would be wholly irrelevant to the determination of liability, and therefore should be excluded under Federal Rule of Evidence 402. Facts relating to Henkel's legal team or legal costs cannot possibly help the jury determine liability and do not have any tendency to make the existence of any fact that is of consequence to the determination of the action any more or less probable. Furthermore, comments about the size or residence of either legal team are wholly improper and would be made only for the improper purpose of trying to generate bias against out-of-state counsel. Such comments would be unfairly prejudicial and should be excluded by Federal Rule of Evidence 403. Comments about Defendant's legal costs would likewise serve only to prejudice or confuse the jury, which might believe that there is a connection between the size of Defendant's legal fees and the amount of Defendant's perceived liability.

Throughout its prosecution of this matter, Plaintiff has made repeated reference to the fact that Defendant has a larger legal team, in an apparent bid for sympathy from the Court. *See, e.g.*, ECF No. 93 at 6 (explaining that Plaintiff's document review took a long time due to Plaintiff's "small team of two attorneys

and two client representatives"); Ex. 1 at 3 n.1 ("It is worth noting that while Defendant is represented by at least eight attorneys of record, Plaintiff has had just two attorneys of record working this case for the past year and a half.").

Defendant met and conferred with Plaintiff and asked its counsel to refrain from making similar statements and references to Defendant's legal team and fees at trial.  Plaintiff refused to do so.  *See* Ex. 2.  Plaintiff's only reason for refusing such a stipulation is that "KCP believes there are circumstances under which these facts would be relevant."  *Id.*  Notably, however, Plaintiff has not identified a single specific circumstance under which these facts could be relevant.

Federal courts have held that comments on the size of a legal team, including comments inviting comparisons of the relative sizes of the two parties' legal teams, are improper.  *See Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1429 n.11 (5th Cir. 1986) (noting that an attorney's statement to the jury that he was alone against a team of lawyers was "obviously an improper attempt to prejudice the jury by suggesting that he was the 'little guy' struggling against great odds"); *see also Sadler v. Advanced Bionics, LLC*, 2013 WL 1340350, at *5 (W.D. Ky. Apr. 1, 2013) (Ex. 3) (sustaining defendant's motion to exclude any commentary about the size of either legal team).

Similarly, comments about the residence of Defendant's legal team—who with one exception reside in locations other than Michigan—would be improper and

should be excluded, as should any comments regarding the Michigan residency of Plaintiff's legal team. *See, e.g.*, *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980) (finding that plaintiff's counsel's reference to defendant's residence was improper); *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985) ("[A]ppeals to local bias against an outsider are prejudicial . . . .").

Finally, comments about the amount that Defendant has spent on legal fees are completely irrelevant where, as here, legal fees are not at issue and are not part of Plaintiff's damages theory. Testimony or argument regarding the amount of money spent on legal fees by Defendant may confuse or prejudice the jury by improperly suggesting that Defendant is concerned about the verdict and therefore must have a guilty conscience. *See, e.g.*, *DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11538713, at \*2 (E.D. Tex. Feb. 26, 2010) (Ex. 4) (granting defendant's motion *in limine* to exclude references to the amount of legal fees paid by defendants because "any probative value of the amounts of Defendants' legal fees is substantially outweighed by the danger of unfair prejudice").

Accordingly, the Court should exclude any evidence or argument at trial referring to the parties' legal teams or fees—including the size or relative size of the parties' legal teams, the residence of the parties' legal teams, or the amount that Defendant has spent on legal fees.

**II.     The Court Should Preclude Plaintiff From Making Negative Comments About Defendant's German Residence Or Improperly Focusing On The Fact That Defendant Is A Foreign Or German Company.**

Defendant acknowledges that some evidence regarding the Henkel corporate structure is relevant, and hence the jury will likely learn that Henkel KGaA is a German company based in Düsseldorf.  What would be improper, however, is for Plaintiff, its witnesses, or its counsel to make negative comments about Defendant being a German company, or improperly focus on the fact that Defendant is based in Germany.  Such evidence or argument would be an improper appeal to local bias.  Thus, Defendant asks the Court to exclude repeated, gratuitous, or prejudicial references to the fact that Defendant is based in Germany or is a foreign company.  Defendant asked Plaintiff to stipulate that it would not improperly focus on the fact that Defendant is a German company, but Plaintiff refused.  *See* Ex. 2.  Plaintiff's refusal to stipulate raises concerns regarding how Plaintiff intends to present its case and potentially attempt to gain an advantage by improperly suggesting to the jury that it should be biased against a German company in favor of an American company.

Courts routinely disallow negative comments or improper focus on the fact that a company is based outside the United States because of the prejudice it would cause the foreign company.  For example, in *Long v. Phillips & Brooks/Gladwin, Inc.*, the court barred the plaintiff from making "repeated references to Defendant as

a Japanese company or foreign company," because such references may "appeal to the prejudices of the jury." 2006 WL 8431254, at *4 (N.D. Ga. Aug. 29, 2006) (Ex. 5). The court also held that "no <u>negative</u> comments shall be made by Plaintiffs or their counsel regarding the origin of [defendant]." *Id.* (emphasis in original). Similarly, in *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, the court found that both "references to [defendant] being a 'foreign' or 'alien' company" and "gratuitous or unnecessary references to [defendant] being an 'Indian' company" were "improper," and all such references would be precluded. 2016 WL 1179228, at *12 (W.D. Wis. Mar. 23, 2016) (Ex. 6).

Finally, another court faced with a party trying to improperly emphasize that a company was based in Germany, like Plaintiff here, held that the party was not allowed to "refer to [plaintiff] as a 'German company' or a 'foreign-based company.'" *Multivac, Inc. v. Rotella's Italian Bakery, Inc.*, 2016 WL 7535360, at *1 (W.D. Mo. May 3, 2016) (Ex. 7). *See also Cunningham Charter Corp. v. Learjet, Inc.*, 2012 WL 1565532, at *9 (S.D. Ill. May 2, 2012) (Ex. 8) (holding that while "plaintiff can refer to defendant's Kansas headquarters," plaintiff cannot "imply something sinister about an out-of-state entity"); *Sanford v. Ektelon/Prince Sports Grp., Inc.*, 1999 WL 33544436, at *2 (D. Neb. Nov. 5, 1999) (Ex. 9) ("This Court finds that references to foreign affiliation in this case would be prejudicial to the defendants and such references are not relevant to the issues in this case.").

There will be no prejudice to Plaintiff if it is required to avoid making negative comments about, or improperly focusing on, Defendant's place of business, because the fact that Defendant is based in Germany is irrelevant to Plaintiff's legal theories in this case. Where Defendant is organized or domiciled simply has no bearing on whether it breached the Non-Disclosure Agreement or tortiously interfered with a valid business expectancy between KCP and Henkel Corporation. On the other hand, the prejudice to Defendant from allowing Plaintiff to exploit local bias would be particularly acute in this case, where Plaintiff is a Michigan-based company.

Because inviting the jury to decide this case based on a negative perception of Defendant as a foreign company would result in unfair prejudice to Defendant, the Court should grant this motion and preclude Plaintiff, its witnesses, and its counsel from making negative comments about Defendant's German residence or improperly focusing on the fact that Defendant is a German company.

## III.   The Court Should Exclude All Testimony Or Argument Relating To Irrelevant Facts Or Allegations About Defendant.

The Court should preclude Plaintiff from introducing irrelevant facts or allegations relating to Henkel KGaA or its subsidiaries (collectively, "Henkel") that have no bearing on the claims and defenses at issue in this case. Specifically, Plaintiff should be precluded from offering evidence or argument relating to Henkel's size, revenue, or profits. Plaintiff should also be precluded from referring

to prior litigation matters,[1] or allegations of wrongdoing, relating to Henkel.  Such facts and allegations are irrelevant, would be highly prejudicial, and are thus inadmissible under the Federal Rules of Evidence.  Although this type of evidence is routinely excluded by federal courts under Federal Rules of Evidence 402, 403, and 404, when Defendant sought an agreement that Plaintiff would not offer such testimony or argument, Plaintiff refused.  *See* Ex. 2.

Federal courts have routinely held that evidence of a corporate party's revenue or size is improper, recognizing that the likelihood of prejudice far outstrips any probative value.  *See, e.g.*, *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 758 (6th Cir. 1980) (holding that the prejudice caused by plaintiff's "improper and prejudicial references" to the size and international character of the defendant corporation were so prejudicial that a new trial was warranted); *VSI Holdings, Inc. v. SPX Corp.*, 2005 WL 5980804, at *7 (E.D. Mich. Apr. 12, 2005) (Ex. 10) ("Statements relating to the poverty of one of the parties or the wealth of the other calculated to direct the jury's attention to the need of an injured party for compensation rather than the real issues in the case are not relevant."); *Bell v. Sam's E., Inc.*, 2018 WL 719042, at *2 (E.D. Tenn. Feb. 5, 2018) (Ex. 11) (excluding

---

[1]    Defendant uses the term "litigation" in the broadest sense possible to encompass, for example, regulatory proceedings.

evidence or argument relating to defendant's "size, revenues, or profitability" as irrelevant and likely to lead to unfair prejudice).

Henkel's revenue and profits are not relevant to Plaintiff's legal theories in this case, and there is no claim for punitive damages here. Whether Henkel is a large or small company does not serve to make any fact regarding Plaintiff's asserted claims for breach of contract or tortious interference more or less probable, and the evidence should therefore be excluded under Federal Rule of Evidence 402. Moreover, statements regarding Henkel's size and financial condition could serve to prejudice or confuse the jury—for example, facts regarding Henkel's revenue or profits could be used to suggest that Henkel can afford a large damages award—and should therefore be excluded under Federal Rule of Evidence 403.

Similarly, the Court should not allow Plaintiff to offer arguments or evidence relating to prior litigation matters relating to Henkel. This type of evidence is also routinely excluded under Rules 402, 403, and 404(b). *See, e.g.*, *Ross v. Am. Red Cross*, 567 F. App'x 296, 308 (6th Cir. 2014) (holding that the district court did not abuse its discretion by concluding that any probative value of evidence of prior litigations was "substantially outweighed by the danger of unfair prejudice"); *McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003) (holding that the district court did not abuse its discretion by excluding evidence of other lawsuits filed against the defendant because "there was no clear nexus between these lawsuits

and this case" and "the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value"); *Aetna, Inc. v. Blue Cross Blue Shield of Michigan*, 2015 WL 1646464, at *11 (E.D. Mich. Apr. 14, 2015) (Ex. 12) (granting defendant's motion *in limine* and excluding references to other private and government lawsuits against plaintiff).

Finally, Plaintiff, its witnesses, and its counsel should be precluded from referencing irrelevant and unsubstantiated prior acts in an attempt to prejudice the jury. For example, Craig Bell at his deposition made a vague and unsupported assertion concerning unspecified unlawful misconduct at Henkel. Defendant would be greatly prejudiced at trial if Plaintiff's counsel or witnesses made similar statements, and the Court should therefore exclude these kind of extremely prejudicial comments, which have no relevance to the instant matter. *See Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, 2010 WL 11032786, at *6 (E.D. Mich. Oct. 18, 2010) (Ex. 13) (excluding references to allegations of defendant's anticompetitive conduct where such allegations were irrelevant to plaintiff's actual claims and were intended only to disparage defendant's overall conduct in the marketplace).

**IV.    The Court Should Limit Expert Testimony To The Subject Matter Of The Respective Expert's Report And Should Specifically Preclude Plaintiff's Expert Mr. Solomon From Testifying As Both A Fact Witness And An Expert Witness.**

The Court should (1) preclude any of Plaintiff's purported expert witnesses from testifying about opinions and facts outside their expert reports, and (2) preclude Plaintiff's purported expert witness, Mr. Solomon, from acting as both an expert witness and as a fact witness at trial.[2]

***First***, Plaintiff's experts should not be allowed to testify about opinions and facts that are not in their reports, because such surprise testimony is a violation of the Federal Rules of Civil Procedure and would be extremely prejudicial to Defendant.  This is not a controversial proposition.  Federal Rule of Civil Procedure 26 requires that, at least 90 days before trial, parties must disclose the identity of any expert witness and provide a report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming" those opinions.  Fed. R. Civ. P. 26(a)(2)(A)-(B).  At trial, an expert can testify only about opinions and facts that the expert properly identified pursuant to Rule 26.

---

[2]    For the reasons explained in Defendant's Motion to Exclude the Expert Testimony of Joel Solomon, Mr. Solomon's testimony should be excluded in full given his lack of expertise and his reliance on multiple unverified assumptions. *See* ECF No. 123.

Courts routinely deny attempts to offer new opinions and facts at trial or at any point outside of the 90-day timeframe. In *King v. Ford Motor Co.*, the Sixth Circuit affirmed the exclusion of expert testimony as to new opinions and facts because of the defendant's "unexcused failure" to disclose that information within the time allowed in Rule 26. 209 F.3d 886, 900-901 (6th Cir. 2000). The court found that the defendant's failure "did not allow plaintiffs the opportunity to prepare properly for these witnesses," and therefore it was appropriate to exclude the proffered testimony. *Id*. Similarly, in *Asetek Danmark A/S v. CMI USA, Inc.* the court precluded an expert from testifying at trial as to opinions and facts that were "outside the scope of his testimony in his expert report" and were disclosed "literally on the eve of trial." 2014 WL 6997670, at *1-2 (N.D. Cal. Dec. 9, 2014) (Ex. 14). The court characterized this kind of behavior as an "ambush." *Id*. at *2; *see also Hadix v. Caruso*, 2006 WL 2830062, at *1 (W.D. Mich. Oct. 2, 2006) (Ex. 15) (excluding expert testimony that was belatedly disclosed because "Plaintiffs would be greatly prejudiced were they forced to confront such testimony without adequate preparation and discovery"); *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (affirming exclusion of expert testimony that was "not disclosed in his expert report or deposition").

Given the clear law on this issue, on August 17, 2018, Defendant asked Plaintiff to agree to a stipulation that "both parties will limit the testimony of expert witnesses to the opinions disclosed in their report(s) and the facts identified as having been relied upon in support." Ex. 2. On August 20, 2018, Plaintiff rejected Defendant's proposed stipulation, stating that "KCP will not stipulate to this," in part because "new facts may be entered into evidence that our experts will need to consider." *Id*. Plaintiff's position is contrary to settled law and the unambiguous language of Rule 26. If Plaintiff were allowed to introduce new expert opinions and facts at trial, Defendant would be "greatly prejudiced" by being "forced to confront such testimony without adequate preparation and discovery." *Hadix*, 2006 WL 2830062, at *1.

**Second**, Mr. Solomon should not be allowed to act as both an expert witness and a fact witness at trial. On August 20, 2018, when Plaintiff rejected Defendant's proposed stipulation Plaintiff revealed that, in addition to offering Mr. Solomon as an expert witness, Plaintiff was planning to offer Mr. Solomon as a fact witness. *See* Ex. 2 ("Moreover, we will not stipulate to limiting Mr. Solomon's testimony regarding his factual knowledge of oil refinery maintenance and operations."). This is improper and should be disallowed.

Plaintiff cannot offer Mr. Solomon as a fact witness in this case because it has not properly disclosed, at any point, that Mr. Solomon would be serving as a fact

witness.  *See, e.g.*, Ex. 16 (not listing Mr. Solomon as a person who "may have discoverable information that [Plaintiff] may use to support its defenses in this action").  Throughout this litigation, Plaintiff has only disclosed Mr. Solomon as an expert witness.  In fact, just recently on August 10, 2018, in its Rule 26 pretrial disclosures, Plaintiff identified Mr. Solomon as a potential witness who will

> provide ***expert opinions and testimony*** regarding (1) the nature and operations of the oil refinery business and (2) the effect that the cleaning technology and process offered by KCP would have on oil and gas refinery operations as well as other industry uses ***as stated and described in his expert report*** dated March 1, 2018.

ECF No. 147 at 4.

Having never before identified Mr. Solomon as a fact witness, Plaintiff should not be able to offer him as such at trial.  Defendant was not able to take any discovery related to, or adequately prepare for, Mr. Solomon's testimony as a fact witness. This kind of surprise testimony should be disallowed.  *See* Fed. R. Evid. 403 (allowing the exclusion of evidence that would cause "unfair prejudice").

## V.    The Court Should Require That The Parties Use Clean Copies Of All Documents At Trial.

This Court entered a Protective Order that allowed the parties to place a "confidential" or "highly confidential" legend on produced documents if a party determined that a document warranted such a legend pursuant to the Protective Order.  *See* ECF No. 79.  Accordingly, Henkel KGaA and Henkel Corporation produced documents during discovery that include a "confidential" or "highly

confidential" designation.  Those "confidential" labels were not, of course, included on the original documents, but rather were added during discovery only to comply with the Protective Order.

Defendant is concerned that these "confidential" or "highly confidential" labels may be confusing to the jury, for at least two reasons.  *First*, one of Plaintiff's claims is that Defendant used Plaintiff's confidential information in breach of the Non-Disclosure Agreement.  The issue of what information (if any) is confidential under the Non-Disclosure Agreement between the parties is a hotly disputed issue to be decided by the jury at trial.  If litigation-related confidentiality designations are still on the documents presented to the jury, the jury may erroneously believe that the litigation-related confidentiality designation indicates that the document is confidential under the Non-Disclosure Agreement.  *Second*, there are a number of instances where the parties produced the same document but Plaintiff did not mark that document with a confidentiality designation under the Protective Order and Henkel KGaA or Henkel Corporation did.  *See, e.g.*, Exs. 17-18.  If the jury sees these inconsistent confidentiality designations, it could be confused.  Accordingly, Defendant suggested to Plaintiff that both parties use as trial exhibits copies of documents that would not include the "confidential" stamps added during discovery.  Plaintiff refused to do so.  *See* Ex. 2.

There is no reason to use trial exhibits that differ from the originals, especially if the jury may erroneously believe that a party or witness designated a document as "confidential" or "highly confidential" pursuant to the Non-Disclosure Agreement at the time it was generated.  As a general matter, Federal Rule of Evidence 1002 requires parties to use original exhibits, which of course would not include confidentiality designations added during discovery.  Indeed, to avoid jury confusion arising from designations or redactions to original exhibits, courts have required parties to remove all litigation-related designations.  *See, e.g.*, Ex. 19 (12/3/15 Order, *In re General Motors LLC Ignition Switch Litigation*, Case No. 14-md-02543, at 6) (finding that "there is no reason for 'privilege,' 'work product,' or other markings indicative of privilege assertions to appear in exhibits").  Using clean copies of documents at trial will ensure that the jurors are not confused or misled by any litigation-related designation or exhibit sticker leftover from use at a deposition.  If clean versions are not used, jurors may be confused about what the litigation-related designations mean, who added them, or why they were added.[3]

---

[3]   Defendant has no objection to keeping the Bates numbers added for production tracking purposes, as there is no risk of jury confusion from those numbers.  However, documents that include privilege redactions should simply show the blacked-out text, without any additional labels (such as "privileged") added to the document.

In refusing Defendant's proposed stipulation on this matter, Plaintiff asserted that "KCP believes that Henkel KGaA's and Henkel Corporation's 'confidential' designations are substantive evidence in this case." Ex. 2. That position is wrong. Whether a party designated a document as "confidential" or "highly confidential" pursuant to the Protective Order says nothing about whether the document was considered "confidential" at the time by a party pursuant to the Non-Disclosure Agreement. This is especially true given that the parties treated the same documents differently during discovery. To rebut Plaintiff's erroneous argument, Defendant would have to submit evidence that Plaintiff *failed* to designate certain documents as confidential during discovery. The result would be confusion and a waste of trial time focused on discovery designations.

For all these reasons, the Court should order the parties to use copies of trial exhibits that do not include "confidential" stamps added during discovery to comply with the Protective Order. Defendant has already produced copies of its trial exhibits to Plaintiff that do not include such stamps.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant these motions *in limine*.

Dated: August 28, 2018               Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C.
akhawaja@kirkland.com
Shireen A. Barday
shireen.barday@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Thomas W. Cranmer
840 West Long Lake Road, Suite 150
Troy, MI  48098
Telephone: (248) 267-3381
cranmer@millercanfield.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 28, 2018, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.

/s/ Atif Khawaja
Atif Khawaja, P.C.
akhawaja@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorney for Defendant*